```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

SETH HORWITZ,

                     Plaintiff,

     -against-

LOOP CAPITAL MARKETS LLC,

                     Defendant.

------------------------------------------------------------

15-Cv-1253 (SHS)

<u>OPINION & ORDER</u>

SIDNEY H. STEIN, U.S. District Judge.

    Seth Horwitz, a bond trader, has sued Loop Capital Markets, LLC, for breach of Horwitz's employment contract, fraud, and disability discrimination. Loop has now moved to dismiss the complaint for lack of federal subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Horwitz claims that this Court has diversity jurisdiction over the dispute pursuant to 28 U.S.C. § 1332 because he and Loop were citizens of different states at the time he commenced this litigation. Horwitz is incorrect. He and Loop were both citizens of New York at the time he filed his complaint and the Court therefore lacks subject matter jurisdiction over this action.

## I. Legal Standard

    Plaintiff invokes the Court's subject matter jurisdiction and thus bears the burden of proving facts sufficient to sustain that jurisdiction by a preponderance of the evidence. *Tasini v. N.Y. Times Co.*, 184 F. Supp. 2d 350, 353-54 (S.D.N.Y. 2002). When a defendant challenges the factual basis of the plaintiff's assertion of jurisdiction, the Court is not limited to the facts as stated in the complaint. *Robinson v. Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001). Instead, the Court may examine evidence relevant to the jurisdictional question, weigh that evidence, and "decide for itself the merits of the jurisdictional dispute." *Ali v. N.Y.C. Dep't of Transp.*, No. 14-cv-312, 2014 WL 5822625 at *1 (E.D.N.Y. Nov. 7, 2014). *See also Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

## II. Discussion

    The complaint alleges that Horwitz is a citizen of New York and defendant Loop is a citizen of both Illinois and Delaware because Loop is incorporated in Delaware and has its principal place of business in Illinois. (Compl. ¶¶ 2-6.) For purposes of diversity jurisdiction, however, Loop's citizenship is based neither on its state of incorporation nor its principal place of business. Loop is a limited liability company and "has the citizenship of each of its members." *Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014). Because

the complaint failed to allege the citizenship of any of Loop's members, the Court directed Loop to state whether any of its members were citizens of New York. (Dkt. No. 18.) In response, Loop notified the Court that four members were citizens of New York. (Dkt. No. 19.) The Court then ordered plaintiff to show cause why this action should not be dismissed for lack of jurisdiction. (Dkt. No. 20.) The parties both filed letters outlining disparate positions on whether federal subject matter jurisdiction exists over this action. (Dkt. Nos. 23, 24.) Consequently, the Court ordered the parties to brief fully their positions, (Dkt. No. 25), and defendant's motion to dismiss ensued.

Loop has informed the Court that four holders of its Class B units were citizens of New York at the time Horwitz—also a New Yorker—commenced this action. At that time, however, the Class B units had not vested. Class B units entitle the unitholder to certain distributions but accord no voting rights.

Horwitz concedes the truth of these facts but disputes their implications. He contends that a unitholder is a Loop "member" for purposes of subject matter jurisdiction only once her units vest. Because the New Yorkers' Class B units had not yet vested when Horwitz brought suit, the New Yorkers are not members of Loop for jurisdictional purposes according to Horwitz; Loop was therefore not a New York citizen; and hence diversity jurisdiction exists over this litigation. Loop, by contrast, contends that a Class B unitholder is a Loop member the moment she acquires her units regardless of whether or not the units have vested. The four New York holders of Class B units acquired those units in May 2013—almost two years before Horwitz filed his complaint. Loop therefore argues that they were members, and Loop was a citizen of New York, when this litigation commenced. As such, according to Loop, diversity jurisdiction does not exist.

The parties agree that Loop's governing documents define the LLC's membership. *See* 6 Del. Code. Ann. § 18-301(b)(1). The Court therefore turns to those documents. Two documents governed Loop at the time the four New Yorkers acquired their Class B units. The first is the October 14, 2009 Amended and Restated LLC Agreement; the second is the May 3, 2013 Second Amendment to the Amended and Restated LLC Agreement (the "2009 Amended LLC Agreement" and the "2013 Second Amended LLC Agreement," respectively). (Decl. of Benjamin M. Ostrander in Supp. of Mot. to Seal, Ex. A, Ex. B, Dkt. No. 27.)

The Court has reviewed both documents and concludes that a Class B Unit holder is a "member" of Loop at the moment she acquires any Class B units, whether they have vested or not. The 2013 Second Amended LLC Agreement, which created Class B units, states that a person awarded Class B units "shall become a Member of the Company, upon the execution of the Class B Unit Grant Agreement . . . ." Here, the Four Class B unitholding citizens of New York each executed their "Class B Unit Grant Agreement" no later than May 30, 2013. As such, based on the plain text of the 2013 Second Amended LLC Agreement, the four New Yorkers were all Class B members of Loop when they acquired their units. And if the 2013 Second Amended LLC Agreement were not clear enough, it reiterates: a "'Class B Member'

is a Person who holds Class B Units." This Court concludes that the New Yorker unitholders were members of Loop when Horwitz filed his complaint; Loop was thus a citizen of New York at that time also.

Horowitz's arguments to the contrary are unavailing. He contends that the 2009 Amended LLC Agreement shows that the acquisition of unvested Class B units alone did not confer membership. According to that document, a "member" is any person that "both acquires an Interest in the Company and is admitted to the Company as a member of the Company." (Ostrander Decl., Ex. A at 49.) Horwitz says that an unvested Class B unit—such as those the New Yorkers acquired in May 2013—is not an "interest" in Loop that confers membership.

But contrary to Horwitz's contentions, the 2009 Amended LLC Agreement makes clear that even unvested units constitute a membership-conferring "interest" in Loop. The word "Interest" is defined as follows:

> [T]he entire interest of a Member in the capital, profits and Distributions of the Company, including any and all rights and benefits to which a Member may be entitled as provided in this Agreement, together with the obligations of such Member to comply with all the terms and provisions of this Agreement.

(Ostrander Decl., Ex. A at 48.) Thus, "interest" is merely a shorthand for the sum and substance of a person's rights in and obligations to the LLC. Some individuals—such as Class A unitholders—may have a greater interest in Loop than others. But that does not mean that those others lack any interest at all. Class B units—just as Class A units—do confer obligations and rights and thus constitute an interest in Loop even if the units have yet to vest. Further, any ambiguity over how the 2009 Amended LLC Agreement's definition of "interest" applies to Class B units is resolved in the 2013 Second Amended LLC Agreement as follows: "Each 'Class B Unit' shall represent an *Interest* in the Company . . . ." (Ostrander Decl., Ex. B at 2 (emphasis added).)

The text of the 2009 and 2013 agreements simply does not contain the unvested-shares loophole Horwitz seeks to create. Holders of unvested Class B units are members of Loop, and at the moment a new unitholder acquires her unvested Class B units, Loop—a limited liability company—becomes a citizen of the state in which the new unitholder is a citizen.

### III. CONCLUSION

The Class B unitholding citizens of New York were "members" of Loop for purposes of diversity jurisdiction at the time Horwitz filed his complaint. As such, Loop—the defendant—and Horwitz—the plaintiff—were both New York citizens when Horwitz initiated this action. Complete diversity was therefore lacking as is this Court's ability to adjudicate the parties' underlying dispute.

3

Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is granted and its motion to dismiss the complaint for failure to state a claim is dismissed as moot.

Dated: New York, New York
       February 19, 2016

SO ORDERED:

Sidney H. Stein, U.S.D.J.